IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VIRGINIA TRANSFORMER CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:18cv143 |
| | ) | |
| ALEXANDER EBBERT, | ) | |
| | ) | |
| Defendant. | ) | |

**VIRGINIA TRANSFORMER CORP.'S RESPONSIVE PLEADINGS
TO DEFENDANT'S THIRD AMENDED COUNTERCLAIMS**

Now comes Plaintiff/Counterclaim Defendant Virginia Transformer Corp. ("VTC"), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and other applicable law, and responds as follows to the Third Amended Counterclaims filed against it by Defendant/Counterclaim Plaintiff Alexander Ebbert ("Ebbert").

**MOTION TO DISMISS COUNTS I, II, AND III
OF THIRD AMENDED COUNTERCLAIMS**

Count I

Pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, VTC moves the Court to dismiss Ebbert's Count I for failure to state a claim upon which relief may be granted. This motion rests on the grounds that follow.

1.      In Count I of his Third Amended Counterclaims, Ebbert repleads a claim for discriminatory discharge from employment on the basis of his race (Caucasian) in violation of 42

1

U.S.C. § 1981. Section 1981 prohibits race discrimination in the formation, application, and enforcement of contracts.

2.      Count I is an improperly pleaded claim for wrongful discharge. Paragraphs 17-19 of the Third Amended Counterclaims contain the essential allegations that form the basis of Count I. All of these core allegations are based upon Ebbert's "information and belief."

3.      Count I is materially indistinguishable from Count I of Ebbert's prior pleading. The Court in its Memorandum Opinion of March 28, 2019, held the prior Count I insufficient. Ebbert's restated Count I in the Third Amended Counterclaims should be dismissed for the same reasons the Court dismissed Count I previously. (Memo. Opinion, Document 28, pp. 5-8.)

WHEREFORE, the Court should dismiss Count I of the Third Amended Counterclaims on the pleadings.

Count II

Pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, VTC moves the Court to dismiss Count II of Ebbert's Third Amended Counterclaims for failure to state a claim upon which relief may be granted. This motion rests on the grounds that follow.

1.      In Count II, Ebbert purports to state a claim for retaliation rooted in race in violation of 42 U.S.C. § 1981.

2.      Ebbert's allegations concerning protected activity are insufficiently specific to state a claim for retaliatory discharge from employment, as the Court held in its Memorandum Opinion of March 28, 2019. (Memo. Opinion, Document 28, pp. 9-10.)

3.      Nowhere in his Third Amended Counterclaims does Ebbert allege that in January 2018 he filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

2

WHEREFORE, the Court should dismiss Count II of the Third Amended Counterclaims on the pleadings.

Count III

Pursuant to Rules 12(b)(1) and (6) and 12(c) of the Federal Rules of Civil Procedure, VTC moves the Court to dismiss Ebbert's Count III for failure to state a claim upon which relief may be granted and/or lack of jurisdiction. This motion rests on the grounds that follow.

1.      In Count III, Ebbert purports to state a claim for breach of contract under Virginia law.

2.      Because Ebbert fails to plead viable federal causes of action in Count I and II, no basis exists for the exercise of supplemental jurisdiction over Count III.

WHEREFORE, the Court should dismiss Count III of the Third Amended Counterclaims on the pleadings.

**ANSWER**

Without waiving the foregoing motions to dismiss Counts I, II and III, VTC answers the allegations in the Third Amended Counterclaims as follows:

1.      Paragraphs 1, 2, 3, 4, 7 and 8 state legal conclusions to which no response is required.   VTC admits that venue is proper here and that the Court has subject matter and personal jurisdiction.   For the reasons stated in its Motion to Dismiss, VTC denies the Court can or should exercise supplemental jurisdiction of Count III.

2.      VTC lacks sufficient information to admit or deny the allegations in paragraph 5.

3.      Paragraph 6 is admitted.

4.      VTC lacks sufficient information to admit or deny the allegations of paragraphs 9 and 14.

3

5.      Paragraphs 10 and 11 are admitted.

6.      With respect to paragraph 12, VTC admits Ebbert's job title became "Director of Large Power Sales and Marketing" but denies this change in the name of his position represented a promotion. VTC admits Ebbert was terminated on or about November 17, 2017, for chronic poor performance and other lawful causes. All other allegations in paragraph 12 are denied.

7.      Paragraphs 13 and 15 through 21 are denied.

8.      VTC denies the first sentence of paragraph 22 and lacks sufficient information to admit or deny the second sentence.

9.      VTC denies paragraphs 23 through 42.

10.     VTC denies paragraphs 43.

11.     VTC lacks sufficient information to admit or deny the first sentences of paragraphs 44 and 56, particularly since in prior pleadings Ebbert has alleged he is non-Caucasian. The second sentences of paragraphs 44 and 56 state legal conclusions to which no response is required.

12.     With respect to paragraphs 45 and 57, VTC admits only that at all times it satisfied any "obligation" it had to maintain a work environment free of race discrimination or race-based hostility. All other allegations in paragraphs 45 and 57 are denied.

13.     Paragraphs 46 through 55 and paragraphs 58 through 69 are denied.

14.     VTC admits paragraph 70, except that it denies the letter attached to the Third Amended Counterclaims as Exhibit A outlined all of the terms and conditions of Ebbert's proposed employment with VTC.

4

15.     With respect to paragraphs 71 and 73, VTC admits Exhibit A to the Third Amended Counterclaims is a copy of the original letter agreement signed by the parties and that the terms of that letter agreement speak for themselves.

16.     With respect to paragraph 74, VTC admits only that the letter agreement attached as Exhibit A to the Third Amended Counterclaims is binding upon Ebbert and VTC and legally enforceable.

17.     Paragraphs 75 through 78 are denied.

18.     VTC denies Ebbert is entitled to any of the remedies or relief he seeks in his Third Amended Counterclaims and denies it is indebted to Ebbert in any amount whatsoever. VTC denies it violated any of Ebbert's contractual, statutory, or other rights.

19.     Any allegations in the Third Amended Counterclaims VTC does not expressly admit above is expressly denied.

## **AFFIRMATIVE DEFENSES**

1.     The Third Amended Counterclaims fail to state claims upon which relief may be granted.

2.     Ebbert has failed to mitigate his damages.

3.     Ebbert was terminated for cause.

WHEREFORE, Virginia Transformer Corp., having answered the Third Amended Counterclaims, prays that they be dismissed and that the Court award it costs expended and attorney's fees incurred in defending against the Third Amended Counterclaims.

VIRGINIA TRANSFORMER CORP.


By:   s/ Paul G. Beers                                   
                    Of Counsel

5

Robert A. Ziogas (VSB No. 24964)
Email: rziogas@glennfeldmann.com
Paul G. Beers (VSB No. 26725)
Email: pbeers@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8035
Facsimile: (540) 224-8050

Counsel for Plaintiff, Virginia Transformer Corp.

<u>Certificate of Service</u>

I hereby certify that on April 30, 2019, I electronically filed the foregoing Virginia

Transformer Corp.'s Responsive Pleadings to Defendant's Third Amended Counterclaims with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to

Thomas E. Strelka, Esq., L. Leigh R. Strelka, Esq., and N. Winston West, IV, Esq., Strelka Law

Office, PC, Warehouse Row, 119 Norfolk Avenue, S.W., Suite 330, Roanoke, Virginia 24011.


s/Paul G. Beers
Paul G. Beers