IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VIRGINIA TRANSFORMER CORP., ) <br> ) <br> Plaintiff/Counter-defendant, ) <br> ) <br> v. ) <br> ) <br> ALEXANDER EBBERT, ) <br> ) <br> Defendant/Counter-plaintiff. ) <br> ) <br> ) | Civil Action No.: 7:18-cv-00143 <br><br> By: Elizabeth K. Dillon <br>      United States District Judge |

**ORDER REMANDING CASE TO ROANOKE CITY CIRCUIT COURT**

On July 12, 2019, the court issued an order directing defendant/counter-plaintiff Alexander Ebbert to show cause why this case should not be remanded to the Roanoke City Circuit Court. (Dkt. No. 44.)  In response, Ebbert concedes that the court lacks subject matter jurisdiction, and that Ebbert's removal under 28 U.S.C. § 1441(a) based on his counterclaims was improper.  *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action.").

Nonetheless, Ebbert requests that this court retain jurisdiction under "equitable considerations."  Without jurisdiction, the court lacks authority to act in equity.  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) ("In the case where remand is based on lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act.").  In the alternative, Ebbert requests that the court enter an order that would allow the parties to file pleadings such that the court may gain subject matter jurisdiction.  Ebbert objects to the idea of "two-track" litigation in state and federal court.  Yet just as Ebbert is entitled to a federal forum for his federal claims, Virginia Transformer

Corp. may avoid federal jurisdiction by relying exclusively on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that the "well-pleaded complaint rule . . . makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"). Ebbert can choose to avoid litigation on two tracks by pursuing his federal claims as counterclaims in the state court action. In any event, concerns about judicial economy and efficiency must be set aside in the absence of subject matter jurisdiction. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (explaining that while the "ultimate responsibility of the federal courts . . . to reach the correct judgment under law . . . may be tempered at times by concerns of finality and judicial economy, nowhere is it greater and more unflagging than in the context of subject matter jurisdiction issues, which call into question the very legitimacy of a court's adjudicatory authority").

Based on the foregoing, this matter is REMANDED to Roanoke City Circuit Court. All pending motions (Dkt. Nos. 33, 40, 42, and 47) are DISMISSED as moot. The clerk is directed to STRIKE this case from the active docket of the court and to send copies of this order to all counsel of record.

Entered: December 2, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge